# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:15-cv-00178-RM-CBS

CORY BEERS

    Plaintiff,

v.

CITY OF FEDERAL HEIGHTS and
CHIEF SEAN ELLIS

    Defendants.

---

## STIPULATED PROTECTIVE ORDER
---

Under Rule 26(c) FED. R. CIV. P., IT IS ORDERED:

1. This Stipulated Protective Order shall apply to all documents, materials and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, depositions, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2. As used in this Stipulated Protective Order, "document" is defined as provided in Rule 34(a), FED. R. CIV. P. A draft or non-identical copy is a separate document within the meaning of this term.

3. Confidential documents, materials, and information (collectively, the "Confidential Information") shall not be disclosed or used for any purpose except the

preparation and trial of this case. The duty to keep confidential information confidential survives the completion of this case.

4. With this Stipulated Protective Order, the parties seek to protect certain types of confidential information. To the extent that such information cannot be filed in a redacted format, the parties agree to designate as "Confidential" documents containing the following information: (1) Social Security numbers, financial account numbers, residential addresses, and cellular phone numbers; (2) medical information regarding Plaintiff Cory Beers ("Plaintiff"), Defendant Sean Ellis, and any other current or former employees of Defendant City of Federal Heights ("CFH"); (3) personnel records involving individuals who are not parties to this case; and (4) trade secrets and confidential proprietary information of Defendant CFH. As a condition of designating documents for confidential treatment, the documents must be reviewed by a lawyer and a good faith determination must be made that the documents are entitled to protection.

5. A party designating documents as Confidential Information may do so by marking such material with the legend "Confidential" or "subject to protective order".

6. Whenever a deposition involves the disclosure of Confidential Information, the deposition or portions thereof shall be designated as "Confidential" and shall be subject to the provisions of this Stipulated Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice is

promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

      7.     In addition to the information to which the parties seek to restrict public access, Confidential Information may include, but is not limited to, sensitive and non-public information and records concerning compensation, employee duties and performance, employee discipline and promotions, personnel decisions and other documents related to Chief Ellis and third parties employment with Defendant CFH, and Defendant CFH's general business practices, financial matters, and technical, strategic or other proprietary business information. All Confidential Information designated "Confidential" may be reviewed only by the following persons:

        a.     attorneys actively working on this case;

        b.     persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation of the case, at trial, or at other proceedings in this case;

        c.     the parties, including Plaintiff, Defendants, and any advisory witnesses who are directly assisting said attorneys in the preparation of this case, as well as management employees of the City, including the City Manager and City Council and the City's self-insurance pool;

        d.     expert witnesses and consultants retained in connection with this

        proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

e.    the Court, jurors and/or Court staff in any proceeding herein;

f.    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

g.    Any independent document reproduction services or document or video recording and retrieval services;

h.    An author or recipient of the Confidential Discovery Material to be disclosed, summarized, described, characterized or otherwise communicated or made available, but only to the extent necessary to assist counsel in the prosecution or defense of this action;

I.    deponents, witnesses or potential witnesses; and

j.    other persons by written agreement of the parties.

8. A party may object to the designation of particular Confidential Information by giving written notice to the party that designated the disputed information and all other parties to the civil action. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within fourteen (14) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Information to schedule a mutually convenient time for a telephone conference with the Court as discussed in section III of Magistrate Judge Shaffer's Civil Practice Standards in order to request that the Court

determine whether the disputed information should be subject to the terms of this Stipulated Protective Order.  If contact with the Court is timely made, the disputed information shall be treated as Confidential Information under the terms of this Stipulated Protective Order until the Court rules on the issue. If the designating party fails to contact the Court within the prescribed period, the disputed information shall lose its designation as Confidential Information and shall not thereafter be treated as Confidential Information in accordance with this Stipulated Protective Order. In connection with a motion filed under this provision, the party designating the information as Confidential Information shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential Information.

9. Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.

10. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as Confidential Information shall be destroyed or preserved by counsel in a manner which is fully consistent with the terms of this Stipulated Protective Order.  At the end of the litigation (including any appeals), counsel will not be required to return the material.

11. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

12. Given the nature of the case, there is good cause to believe that discovery may involve the disclosure of confidential information, which normally is required to be

maintained confidentially. A blanket protective order, therefore, is appropriate in this case, and a document-by-document showing is not required. See *Gillard v. Boulder Valley Sch. Dist. Re-2,* 196 F.R.D. 382, 386 (D. Colo. 2000).

13. The Parties agree that in the event information or documentation is inadvertently disclosed to an opposing Party, any information or documentation so disclosed shall be immediately returned to the producing Party without any copies being made or notes being taken regarding said information/documentation by those who have received the inadvertent disclosure. Further, the Parties agree that no recipient of inadvertently disclosed information or documentation shall utilize such information/documentation or any fruits derived therefrom for the purposes of this litigation and that the inadvertent disclosure of information or documentation shall not constitute a waiver of any privilege that may otherwise apply.

14. By agreeing to the entry of this Protective Order, the attorneys for the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

15. Nothing in this Protective Order shall preclude any attorney for a Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

DATED this  16th  day of   June   , 2015.

BY THE COURT:

_____
~~U.S. District Judge~~

Craig B. Shaffer
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| s/ Charlotte N. Sweeney | s/ Marni Nathan Kloster |
| Charlotte N. Sweeney | Marni Nathan Kloster |
| Sweeney & Bechtold LLC | Nathan Dumm & Mayer, P.C. |
| 650 S. Cherry St., Ste 650 | 7900 E. Union Ave., Ste. 600 |
| Denver, Colorado 80246 | Denver, CO 80237 |
| cnsweeney@sweeneybechtold.com | mkloster@nbdmlaw.com |
| Telephone: (303) 865-3733 | Telephone: (303) 691-3737 |
| | |
| Attorneys for Plaintiff | Attorneys for Defendants |